UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMIAH GIVENS-JONES,

    Plaintiff,               CIVIL ACTION NO. 08-10548

    v.                        DISTRICT JUDGE DAVID M. LAWSON

UNITED STATES OF AMERICA,      MAGISTRATE JUDGE VIRGINIA MORGAN

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANT'S MOTION TO DISMISS

This matter is before the court on the defendant's Motion to Dismiss filed February 13, 2008 (D/E 5). A hearing on the motion was held before the magistrate judge on March 19, 2008. The defendant, United States of America, moves this court pursuant to Fed.R.Civ.Pro. 12(b)(1) to dismiss this action for lack of subject matter jurisdiction, for the reasons that plaintiff failed to exhaust her administrative remedies in that she failed to present an administrative claim for damages to the Department of Health and Human Services prior to bringing this action, as require by the Federal Tort Claims Act, 28 U.S.C. § 2675(a). The government's brief succinctly and correctly sets forth the law and facts in this case. The action is premature and must be dismissed without prejudice so that plaintiff can pursue her administrative remedies.

As stated by the government, plaintiff alleges dental malpractice in her care by employees of Hamilton Community Health Network, Inc. ("Hamilton"). At all times relevant to

the complaint, Hamilton and its employees were deemed eligible for coverage under the Federal Tort Claims Act, 28 U.S.C. § 1345(b), pursuant to the Federally Supported Health Centers Assistance Act of 1992 (Pub.L. 102-501), 42 U.S.C. § 233.

On or about November 20, 20007, plaintiff filed her original complaint against Hamilton in the Circuit Court for Genesee County. The action was removed by the United States which substituted itself as defendant on February 6, 2008. However, plaintiff had filed no administrative tort claim. (Declaration of Daretia Hawkins, Ex. A to D/E 5).

Legal Analysis

Because plaintiff failed to file an administrative claim, this court lacks subject matter jurisdiction. The United States, as sovereign, may not be sued without its specific consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act (FTCA), 26 U.S.C. §§ 1346(b), 2671 *et seq*. constitutes a waiver of sovereign immunity. Congress may define the exact conditions of its consent to be sued and any such waiver of immunity must be strictly construed. *Id*. at 587; *Honda v. Clark*, 386 U.S. 484, 501 (1967); *Minnesota v. United States*, 305 U.S. 382 (1939).

One key condition that the United States has imposed upon its consent to be sued under the FTCA is the requirement that a plaintiff present an administrative claim to the responsible federal agency prior to the initiation of the suit. 28 U.S.C. § 2675(a). The filing of an administrative claim is a jurisdictional prerequisite to maintaining a civil action under the FTCA. 28 U.S.C. § 2675(a); *Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975); *Douglas v. United*

*States*, 658 F.2d 445 (6th Cir. 1981). See also *Garrett v. United States*, 640 F.2d 24 (6th Cir. 1981)(*per curiam*); *Executive Jet Aviation Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974).

Title 28, § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment *unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing* and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section.
> [Emphasis added]

The language of the statute is clear. An FTCA claimant must first present her claim to the appropriate federal agency and no suit may be brought until the agency has made a final disposition of the claim or six months have elapsed since its filing. McNeil v. United States, 508 U.S. 106 (1993). Actions filed prematurely must be dismissed for lack of subject matter jurisdiction. *Id*. at 112. Accordingly, this action must be dismissed for lack of jurisdiction because plaintiff did not submit an administrative claim to the agency prior to filing her complaint. 28 U.S.C. § 2675(a). The government has agreed to provide plaintiff with copies of her dental records from the clinic and a Form SF 95 to file her administrative claim.

For these reasons, it is recommended that the complaint be dismissed without prejudice for lack of subject matter jurisdiction and to permit plaintiff to exhaust her administrative remedies.

It is further recommended that the court reinstate the case upon plaintiff's filing of a Notice of Completion of Administrative Remedies. See, 28 U.S.C. § 2675(a).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                        s/Virginia M. Morgan
                                        Virginia M. Morgan
                                        United States Magistrate Judge

Dated: March 21, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on March 21, 2008.

                                        s/Jane Johnson
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan